IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs January 23, 2002

## ROY C. SMITH, JR. v. STATE OF TENNESSEE

**Direct Appeal from the Circuit Court for Lauderdale County**
**No. 5472      Joseph H. Walker, Judge**

_____

**No. W2001-01457-CCA-R3-CD  - Filed September 10, 2002**

_____

The petitioner, Roy C. Smith, Jr., pled guilty to one count of rape of a child and was sentenced to fifteen years incarceration in the Tennessee Department of Correction. Subsequently, the petitioner, acting pro se, filed a petition for a writ of habeas corpus, alleging that his conviction is illegal because he pled guilty to a crime that was not in effect at the time of the commission of the offense. The trial court dismissed the petition and the petitioner now appeals. Upon review of the record and the parties' briefs, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Affirmed.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which GARY R. WADE, P.J., joined. and JAMES CURWOOD WITT, JR., J., filed a concurring opinion.

Roy C. Smith, Jr., Pikeville, Tennessee, Pro Se.

Paul G. Summers, Attorney General and Reporter; John H. Bledsoe, Assistant Attorney General; and Elizabeth T. Rice, District Attorney General, for the appellee, State of Tennessee.

**OPINION**

### I.  Factual Background

On June 17, 1996, the petitioner pled guilty to one count of rape of a child in violation of Tennessee Code Annotated section 39-13-522 (1997) and received a fifteen-year sentence.[1] The petitioner's judgment of conviction reflects that the offense occurred  "2/3/88 through 2-3-92." The judgment also reflects that the petitioner was designated as both a "Standard 30% Range I" offender and as a "Child Rapist."

---

[1] Neither the transcript of the petitioner's guilty plea hearing, the transcript of the petitioner's sentencing hearing, nor the petitioner's plea agreement is in the record before this court. Accordingly, all of our information concerning the petitioner's conviction is gleaned from the unverified copy of the petitioner's judgment of conviction which is contained in the record.

Subsequently, on February 13, 2001, the petitioner filed a document entitled "Petitions for Issuance of a Writ of Habeas Corpus and/or In the Alternative Issuance of a Writ of Error Coram Nobis," and he also filed a motion for the appointment of counsel.[2] In his petition, the petitioner argued that "his alleged crime and indictment clearly provides only for crimes that took place between (2-3-1988-to-2-3-1992). That 'Rape of a child' [Tennessee Code Annotated section] 39-13-522 did not become law until July 1, 1992 several months after the alleged crime in his indictment." Specifically, the petitioner complains that "no person in the state of Tennessee shall be convicted or allowed to voluntarily plea guilty and/or held to a crime that is not law."

The trial court dismissed the petition for relief without the appointment of counsel, concluding that "[a]lleged violations of constitutional rights are addressed in post conviction, not habeas corpus, proceedings." Moreover, the court determined that the petitioner did not allege that his judgment was facially invalid and void, the necessary allegation for a writ of habeas corpus. On appeal, the petitioner contests the trial court's dismissal of his petition.

## II. Analysis

Initially, we note that the determination of whether to grant habeas corpus relief is a question of law. McLaney v. Bell, 59 S.W.3d 90, 92 (Tenn. 2001). As such, we will review the trial court's findings de novo without a presumption of correctness. Id. Moreover, it is the petitioner's burden to demonstrate, by a preponderance of the evidence, "that the sentence is void or that the confinement is illegal." Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000).

Article I, § 15 of the Tennessee Constitution guarantees an accused the right to seek habeas corpus relief. See Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). However, "[s]uch relief is available only when it appears from the face of the judgment or the record of the judgment or the record of the proceedings that a trial court was without jurisdiction to sentence a defendant or that a defendant's sentence of imprisonment or other restraint has expired." Wyatt, 24 S.W.3d at 322; see also Tenn. Code Ann. § 29-21-101 (2000). In other words, habeas corpus relief may be sought only when the judgment is void, not merely voidable. Taylor, 995 S.W.2d at 83. "A void judgment 'is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment or because the defendant's sentence has expired.' We have recognized that a sentence imposed in direct contravention of a statute, for example, is void and illegal." Stephenson v. Carlton, 28 S.W.3d 910, 911 (Tenn. 2000) (citations omitted).

Moreover, we note that "[w]ithout question, the procedural provisions of the habeas corpus statutes are mandatory and must be followed scrupulously." Archer v. State, 851 S.W.2d 157, 165 (Tenn. 1993); see also Steve V. Walker v. State, No. E2001-00322-CCA-R3-CD, 2002 Tenn. Crim. App. LEXIS 479, at **4-5 (Knoxville, Jun. 3, 2002). Specifically, Tennessee Code Annotated section 29-21-107 provides:

---

[2] On appeal, the petitioner concedes that the trial court correctly denied his petition for a writ of error coram nobis and thus does not appeal the trial court's denial of that writ.

(a) Application for the writ shall be made by petition, signed either by the party for whose benefit it is intended, or some person on the petitioner's behalf, and verified by affidavit.

(b) The petition shall state:

(1) That the person in whose behalf the writ is sought, is illegally restrained of liberty, and the person by whom and place where restrained, mentioning the name of such person, if known, and, if unknown, describing the person with as much particularity as practicable;

(2) The cause or pretense of such restraint according to the best information of the applicant, and if it be by virtue of any legal process, a copy thereof shall be annexed, or a satisfactory reason given for its absence;

(3) That the legality of the restraint has not already been adjudged upon a prior proceeding of the same character, to the best of the applicant's knowledge and belief; and

(4) That it is first application for the writ, or, if a previous application has been made, a copy of the petition and proceedings thereon shall be produced, or satisfactory reasons be given for the failure so to do.

The petitioner failed to verify his application for habeas corpus relief by affidavit, failed to state that the legality of his restraint has not already been adjudicated, and failed to state that the instant petition is his first application for a writ of habeas corpus. See Cox v. State, 53 S.W.3d 287, 292 (Tenn. Crim. App. 2001); cf. Bobby Carl Floyd v. State, No. 03C01-9811-CC-00399, 1999 Tenn. Crim. App. LEXIS 760, at **5-6 (Knoxville, Jul. 28, 1999). Accordingly, due to these procedural errors, the trial court was correct in dismissing the petition for habeas corpus relief.

We have not decided this case on the merits presented, but instead have determined that the petition has fatal flaws. Thus, this dismissal in no way precludes the petitioner from correcting the errors existing in his petition and subsequently filing for relief. Moreover, from the record before us, it appears that the petitioner may have a valid complaint; however, due to the deficiencies of the petition, we cannot conclusively determine the validity of his complaint. Again, we observe that the petitioner alleged that he was convicted of a violation of Tennessee Code Annotated section 39-13-522, a law which did not initially become effective until July 1, 1992. See State v. John James, No. 01C01-9601-CR-00016, 1997 Tenn. Crim. App. LEXIS 314, at **11-12, (Nashville, Mar. 27, 1997). However, the copy of the petitioner's judgment of conviction which was filed with his unverified petition clearly notes that the offense occurred from February 3, 1988, through February 3, 1992, before the effective date of Tennessee Code Annotated section 39-13-522. Accordingly, in the instant case, the petitioner may have been convicted of a violation of a statute

that was not in effect at the time of the commission of the instant offense, thus rendering the petitioner's conviction void.

Additionally, we note that the judgment of conviction also indicates that the petitioner appears to have been sentenced to serve one hundred percent (100%) of his sentence in confinement because of his conviction as a child rapist. The statutory provision mandating one hundred percent (100%) service of a child rapist sentence also did not take effect until after the commission of the offense for which the petitioner was convicted. See Tenn. Code Ann. § 39-13-523(a)(1) and (b) (1997). Thus, "the invalidity of the sentence itself, as well as the broader invalidity of the conviction, results in a void judgment, and [may constitute] a sufficient basis for habeas corpus relief." Lawrence A. Strickland v. James Bowlen, No. E2001-01236-CCA-R3-CD, 2001 Tenn. Crim. App. LEXIS 697, at *8 (Knoxville, Sept. 7, 2001). In sum, while we acknowledge that the petitioner may have a valid complaint, we must nevertheless agree with the trial court's dismissal of the petition due to the petitioner's failure to comply with the procedural mandates of the habeas corpus statutes.

### III.  Conclusion

Finding no reversible error, we affirm the judgment of the trial court.

_____
NORMA McGEE OGLE, JUDGE